IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


GABRIEL BOWEN,

      Appellant,

v.                                                              Case No.  5D22-1546
                                                                LT Case No. 2017-CF-2572-A

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed January 20, 2023

3.850 Appeal from the Circuit Court
for Marion County,
Robert W. Hodges, Judge.

Gabriel Bowen, Crestview, pro se.

Ashley Moody, Attorney General,
Tallahassee, and L. Charlene
Matthews, Assistant Attorney
General, Daytona Beach, for
Appellee.


EDWARDS, J.

We affirm the trial court's denial of Appellant's Florida Rule of Criminal Procedure 3.850 Motion, which raised two grounds of ineffective assistance of counsel. As to Ground One, Appellant failed to demonstrate deficient performance of his trial counsel with regard to the use of a certain out-of-court photographic lineup that was presented to the two victims, only one of whom picked out Appellant. Every photograph in the array had been edited to depict the person as though he were wearing a black t-shirt, consistent with the clothing described by the victims.

The photo lineup employed by police during its investigation contained an image of Appellant that had been edited by FaceLogic, a third-party company, to remove a facial tattoo and scar or cut on his face. Evidence was presented that this was done in order for the various photographs in the photo array to be more consistent with each other, as it would be difficult to find a sufficient number of filler photographs of subjects visually similar to Appellant who would also have a facial tattoo and scar. No evidence was offered to suggest that any aspect of the photographic lineup procedure employed here was otherwise unusual or in any manner improper.

The postconviction court found that the record confirmed that the photographic lineup employed was not unnecessarily or inappropriately suggestive; thus, it did not taint either the out-of-court or in-court identification

2

of Appellant as the one who committed the crimes.[1]  The court also noted that there was other evidence presented by the State upon which the jury could have relied in finding Appellant guilty.  The postconviction court properly concluded that any motion to prohibit or limit evidence regarding the photo lineup would have been denied.  We agree with that court's observation that counsel cannot be deemed ineffective for failing to make a meritless argument. *See Schoenwetter v. State*, 46 So. 3d 535, 546 (Fla. 2010).

Accordingly, we affirm as to Ground One.  We affirm as to Ground Two without need for discussion.

AFFIRMED.

EVANDER and HARRIS, JJ., concur.

---

[1] See *Mulazim v. Commonwealth*, 600 S.W.3d 183 (Ky. 2020), and *United States v. Allen*, 416 F. Supp. 3d 1108 (D. Or. 2019), regarding the use of photographic lineups employing modified photos.